**Joseph David STILES, Appellant,**

v.

**Rex E. MORRIS, d/b/a Morris Plumbing Co., and Alan Dale Burgess, Appellees.**

**No. 53391.**

Court of Appeals of Oklahoma, Division No. 2.

July 28, 1981.

Rehearing Denied Aug. 18, 1981.

Certiorari Denied Sept. 22, 1981.

Released for Publication by Order of Court of Appeals Sept. 25, 1981.

Charles W. Stubbs, Oklahoma City, for appellant.

Chester L. Armstrong, Jr., Armstrong, Burns, Baumert, Maddox & Cummings, Ponca City, for appellees.

BRIGHTMIRE, Judge.

Plaintiff, Joseph Stiles, was awarded a $2,500 judgment against the defendants, Rex E. Morris, d/b/a Morris Plumbing and Alan Burgess, for personal injuries he sustained in an automobile accident. The judgment, which was also for costs, was paid a month and half later and a release of judgment was filed of record. One month after the judgment was rendered, plaintiff filed a motion asking the court to assess the expense of videotaping a deposition as court costs. The request was denied because plaintiff had failed to exercise a prerogative granted by a provision of 12 O.S.1974 Supp. § 441, which permits the court, upon motion of a litigant, to order that "testimony taken at a deposition be recorded by audio-visual [sic] means, . . . [and to] designate . . . the payment of costs.[1] Plaintiff appeals. We reverse.

I

The foundation facts are these. The case was tried in Garfield County, Oklahoma. Plaintiff's expert medical witness was an Oklahoma City physician. A few days prior to trial an audiovisual deposition was taken of the physician by agreement of the parties for use at trial. The cost was $392.23. Plaintiff used the video testimony at trial and was granted judgment on December 15, 1978. On January 15, 1979, he filed a motion for the court to assess the $392.23 deposition expense as costs. On February 1, 1979, plaintiff signed a receipt and release of judgment which states he had received the full amount of his judgment, postjudgment interest and $30 court costs, and he acknowledged "that defendants have paid all other costs assessed in this case to date . . . ." On that same day, the court heard plaintiff's cost motion. At that time, the parties stipulated the deposition was taken of plaintiff's physician in Oklahoma City in December, 1978, by agreement and it was videotaped by United Research at a cost to plaintiff of $392.23.

1. 12 O.S.1974 Supp. § 441 reads in pertinent part:

"Provided that the court may, upon motion, order that the testimony taken at a deposition be recorded by audio-visual [sic] means, in which event the order shall designate the manner of preserving and filing the deposition and the payment of costs. The order may also include other provisions the court deems necessary to ensure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to have a stenographic transcription made at his own expense. If the deposition is recorded by other than stenographic means, then the party taking the deposition shall be required to furnish a copy of the deposition to the witness."

## II

Plaintiff contends that 12 O.S.1974 Supp. § 441 and 12 O.S.1975 Supp. § 449 [2] must be read and construed together. When this is done, he argues, the most reasonable conclusion one can reach is that § 441 does not require a predeposition order but merely authorizes the court to enter one if called upon to do so should the parties be unable to agree on the taking.

We think the plaintiff is correct. If the parties agree that an audiovisual deposition can be taken at a stipulated time, the need for a court order perishes. The only thing in this case concerning which there is neither an order nor an express agreement is with regard to who shall pay for the testimony. We can think of no good reason why the cost of a videotaped deposition cannot be treated, for cost-taxing purposes, just as any other deposition under the provisions of § 449. We, therefore, hold it can be so treated.

The order rejecting plaintiff's request to tax the audiovisual deposition of plaintiff's physician is reversed and the cause is remanded with instruction to grant the requested relief and retax the costs as authorized by 12 O.S.1971 § 933. Costs of this appeal are taxed against defendants.

BACON, P. J., and BOYDSTON, J., concur.

**2.** It reads:

"Each party who takes testimony of a witness or of another party by deposition shall bear all expense incident thereto, including the cost of transcription, and shall furnish to the adverse party or parties, free of charge, at least one copy of the transcribed deposition so taken. The cost of transcription, when supported by court reporter's verified statement, the sheriff's fee for serving notice to take deposition and fees of witnesses shall each constitute an item of cost to be taxed in the case in the manner generally provided by law, unless the court, upon timely motion of a party to retax costs, finds the deposition so taxed was unauthorized by statute and unnecessary for protection of the party's interest. In no case shall transcription costs be taxed at a higher per-page rate than that which is now or may be hereafter prescribed by law for appellate transcripts."